James A. **WOOD** and Dorothy D. **Wood, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 76–2649.

United States Court of Appeals, Ninth Circuit.

Jan. 29, 1979.

**322**

Gilbert E. Andrews, Washington, D. C., on brief; Ann B. Durney, Atty., Washington, D. C., for defendant-appellant.

Norman I. Book, Jr., Burlingame, Cal., for plaintiffs-appellees.

Before MERRILL and TANG, Circuit Judges, and TAYLOR,* District Judge.

MERRILL, Circuit Judge:

James A. and Dorothy D. Wood [1] brought this suit seeking to recover $17,985.45 in income taxes paid for the calendar year 1972. The question presented is whether the lump sum received by taxpayer upon termination of his employment due to disability should be included in gross income. The district court ruled that it should not, and the government has taken this appeal. We affirm.

Taxpayer was employed by Peninsula Newspapers, Inc., and was a member of a profit-sharing plan and trust that qualified as such under 26 U.S.C. § 401(a). The company was the sole contributor to the trust. Under the plan it contributed (after the first two years) a decreasing percentage of its net profits in excess of its "working capital supplement," (defined as 3 percent of the year-end book value or gross sales, whichever was larger). The schedule of contributions started at 85 percent of the first $100,000 of this excess, gradually decreasing to 10 percent of all excess over $400,000. Each employee member had an account in the plan. The company's contributions were allocated to the accounts of members on two different bases. One half of the contribution was allocated on the basis of compensation received from the company: each account received the employee's proportional share of total compensation paid by the company to the employee-members. The other one half of the contribution was allocated on the basis of employee years of service: each account received the employee's proportional share of total years worked by employee-members.

The member was entitled to receive a fixed percentage of his account should his employment be terminated prior to retirement as follows: nothing if terminated before five years of service; 25 percent of the account after five years of service; and an additional 5 percent for each year thereafter. Thus an employee-member would be entitled to receive his full account after twenty years of service. The parties throughout their briefs have referred to this amount as "vested" in the employee-member. He was also entitled to receive the full amount of his account on retirement or on termination due to permanent disability. On his death, his beneficiary became entitled to the full amount.

Taxpayer became totally and permanently disabled in 1971. Forced to terminate his employment because of disability, pursuant

---

* Honorable Fred M. Taylor, Senior United States District Judge of the District of Idaho, sitting by designation.

1. James A. Wood is hereinafter referred to as "taxpayer." His wife, Dorothy, is a party to this suit solely by virtue of her having filed a joint income tax return with her husband for the year 1972.

to the plan he received the whole of his account—a lump-sum payment of $100,941.28. Had he left the company at this time without disability he would, under the plan, have received as "vested" 85 percent of his account.

Taxpayer included the whole amount of the lump-sum payment in his 1972 income tax return. Later he filed a claim for refund, contending that the entire amount of the payment was excluded from income under § 105 of the Internal Revenue Code, 26 U.S.C. § 105. The refund claim was denied and this suit was brought.

Under 26 U.S.C. § 105(c) and (e) sums received under a company's accident or health plan for its employees are not included in the employee's gross income to the extent that they "constitute payment for permanent loss or loss of use of a member or function of the body," and "are computed with reference to the nature of the injury without regard to the period the employee is absent from work."

In the district court the government took the position that no part of the payment was excludable from income since the plan was a profit-sharing plan and did not qualify as an accident or health plan. The district court held that the plan did qualify as an accident or health plan under § 105. On appeal the government concedes that the nonvested 15 percent of the payment was excludable from income as an amount received through an accident or health plan. Thus, the status of the plan as an accident or health plan under § 105 is not in dispute. The government contends, however, that the vested 85 percent was not a payment "for" disability, since this portion represented taxpayer's earned share of profit under a plan qualifying under § 401 and, as such, was taxable when received by him.

There is no question but that the company's plan, as a profit-sharing plan, qualified for tax treatment under § 401. However, as the plan also served as an accident or health plan, the fund created by the plan served a dual purpose. Profit shares as earned (and even as they "vest") remain subject to the condition that in case of permanent disability they will be used as disability compensation and thus the vested portion of an employee's account might never be received as earned profit shares. Until actually made in an individual case, the precise nature and taxable status of a payment remains uncertain. The payment made here on taxpayer's termination of employment took on the tax-free status of a payment under § 105(c) because his entitlement to payment came as a result of disability pursuant to the company's accident or health plan. The amount received by taxpayer was "for" the permanent loss of a bodily function.

It adds nothing to the government's case to describe a portion of the account as having vested. "Vesting," under the plan, really is nothing more than the accrual of a right to receive an amount conditioned on termination of employment. It might as rationally be argued that under the health and accident plan 100 percent of the account was at all times vested in the employee conditioned on his termination due to permanent disability. We conclude that the full amount paid was paid under the company's accident or health plan and was excludable from income.

Judgment affirmed.